# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| IN RE: NOVEMBER 3, 2020 GENERAL ELECTION | : No. 149 MM 2020 |
| | : |
| | : |
| | : |
| PETITION OF: KATHY BOOCKVAR, SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA | : |
| | : |
| | : |

## CONCURRING STATEMENT

**JUSTICE DOUGHERTY**                                        **FILED: October 14, 2020**

I reluctantly agree that our exercise of King's Bench jurisdiction is warranted in this unique and time-sensitive case of substantial importance. *See, e.g., Friends of Danny DeVito v Wolf*, 227 A.3d 872, 884 (Pa. 2020) (granting review of matter of "public importance that requires timely intervention by the court of last resort to avoid the deleterious effects arising from delays incident to the ordinary process of law"). My hesitation largely tracks Justice Baer's concern over the arguable lack of a clear case or controversy before us. *See* Dissenting Statement at 1 (Baer, J.). However, I respectfully believe the proper course is not to elevate form over substance, and I ultimately depart from Justice Baer's assessment that the present legal question was resolved in *Donald J. Trump for President, Inc. v. Kathy Boockvar*, No. 2:20-cv-966 (W.D. Pa. filed October 10, 2020).

Although Judge Ranjan opined our Election Code does not impose a signature-comparison requirement for absentee and mail-in ballots and applications, and Secretary Boockvar's directive to all Pennsylvania county boards of elections on this precise issue is consistent with that holding, *see id.*, slip op. at 95-106, Secretary Boockvar observes "the district court's decision, while timely and persuasive, is not authoritative." *See*

Petitioner's Post-Submission Communication, dated October 11, 2020, at 2. In any event, the district court decision is surely subject to appeal. Secretary Boockvar thus continues to seek from this Court "an authoritative ruling of state law binding on all state election officials and courts." *Id.* Accordingly, although I note my disapproval of the precise manner in which the case was presented for our review, I am persuaded by the Secretary's assertion that "[o]nly this Court can render the ultimate determination concerning Pennsylvania law." *Id.* I reiterate that parties pursuing an exercise of this Court's jurisdiction under our extraordinary King's Bench powers should present a clear case or controversy and seek more than a purely advisory opinion. As I believe these conditions are met here, I join the Court's decision to grant the application to consider the merits of the important and unresolved legal question presented.